UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:  Judges Decker, Malveaux and Senior Judge Annunziata


FELICIA ELIZABETH FEASTER

                                                    MEMORANDUM OPINION*
v.        Record No. 0135-17-3                          PER CURIAM
                                                       JULY 25, 2017

HARRISONBURG-ROCKINGHAM
 SOCIAL SERVICES DISTRICT


             FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
                         Thomas J. Wilson, IV, Judge

             (Kimberle Hackett Harding, on brief), for appellant.  Appellant
             submitting on brief.

             (Rachel Errett Figura, Assistant County Attorney; Hallet M.
             Culbreth, Guardian *ad litem* for minor child, on brief), for appellee.
             Appellee and Guardian *ad litem* submitting on brief.


        Felicia Elizabeth Feaster (mother) appeals the order terminating her parental rights to her

child, C.M.  Mother argues that the trial court erred in terminating her parental rights pursuant to

Code § 16.1-283(C)(2) and (E)(i) because "termination was contrary to the best interest of the

child."  Upon reviewing the record and briefs of the parties, we conclude that the trial court did not

err.  Accordingly, we affirm the decision of the trial court.

                                    BACKGROUND

        We view the evidence in the light most favorable to the prevailing party below and grant

to it all reasonable inferences fairly deducible therefrom.  See Logan v. Fairfax Cty. Dep't of

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

In January 2012, mother gave birth to a child, H.M., and in June 2013, mother gave birth to another child, J.F. On June 24, 2015, the City of Staunton Juvenile and Domestic Relations District Court terminated her parental rights to J.F. On October 29, 2015, the Rockingham County Circuit Court terminated mother's parental rights to H.M.[1]

Mother and Alfonso Renoid Mason (father) are the biological parents of C.M., born June 2015.[2] C.M. is the child who is the subject of this appeal.

Mother has a history of substance abuse and unstable living arrangements. Prior to C.M.'s birth, the Department met with the parents to discuss services and expectations. At the time of C.M.'s birth, the parents were residing at Mercy House, but were evicted on September 12, 2015 after a loud verbal altercation.

Mother subsequently was admitted into a residential mental health facility. After one day, she left against medical advice. She did not comply with follow-up care.

Mother admitted to the social worker that she was depressed and used cocaine after C.M.'s birth. Both parents tested positive for cocaine and admitted using marijuana.

On November 4, 2015, the Harrisonburg-Rockingham Juvenile and Domestic Relations District Court (the JDR court) adjudicated that C.M. was abused and neglected. On the same date, the JDR court entered a child protective order and ordered mother to cooperate with services for individual counseling, substance abuse, and other recommended services. The JDR court also ordered that the parents should refrain from domestic violence and drug use and

---

[1] Mother appealed the October 29, 2015 decision to terminate her parental rights to H.M. to this Court, and on May 24, 2016, this Court affirmed the circuit court's decision. See Feaster v. Harrisonburg Rockingham Social Services District, Record No. 0140-16-3, 2016 Va. App. LEXIS 171 (Va. Ct. App. May 24, 2016).

[2] Father is not the biological father of J.F. or H.M.

cooperate with random drug screens. The JDR court also ordered the parents to cooperate with the Department and inform the Department of the child's residence.

After leaving Mercy House, the parents stayed with friends for short periods of time. In December 2015, they obtained new housing. On January 6, 2016, the Department made an unannounced home visit. The social worker smelled marijuana and asked the parents to take a drug test. Mother's drug test was positive for marijuana, cocaine, and opiates. Father did not take the drug test. The Department also learned that father had been selling heroin.

On January 13, 2016, the Department removed the child from the parents' home. On February 3, 2016, the JDR court again adjudicated the child as abused and neglected.

The Department provided numerous services to the parents. The Department arranged for visits with the child. The parents missed several appointments and did not always provide advance notice to the social worker when they would have to miss their scheduled visits. However, they acted appropriately with their child during the visits. Both parents completed a parenting class. Both refused to be tested for drugs on five occasions, and mother requested not to be tested at one time because she knew she would not test clean. The Department offered to help mother enter an inpatient substance abuse rehabilitation program, but she told the social worker that she "didn't have the time to go to an inpatient." In June and October 2016, the Department asked mother to go for drug screen tests, but she did not go. The Department encouraged father to get substance abuse counseling, but he said that he had been to substance abuse classes and could get sober on his own.

On November 7, 2016, father pled guilty to and was convicted of four felonies, including eluding police, two counts of distribution of heroin, and pretrial violation. The circuit court sentenced him to a total of sixteen years and six months in prison, with fifteen years suspended. Upon his release, father will be subject to three years of supervised probation.

From August 5 through September 8, 2016, mother was incarcerated for failure to pay child support.

From January until September 2016, mother was unemployed. The Department referred her to the Virginia Work Force and the Department of Rehabilitative Services. Mother applied for jobs, but was unable to secure employment. In September 2016, mother told the social worker that she had a job, but did not provide any supporting documentation to the social worker.

While the child was in foster care, the parents did not obtain and maintain stable housing. As noted above, they were evicted from Mercy House in 2015. Landlords from two apartments evicted them in 2016. Afterwards, the parents lived with friends or at motels. Since father's incarceration, mother has stayed with friends and has no permanent housing.

The Department investigated other relatives to see if they would consider being a placement option for C.M., but to no avail. The evidence proved that the child was doing well in foster care. C.M. was placed in the same foster home as her half-brother.

On September 26, 2016, the Department filed petitions to terminate the parents' parental rights to C.M. On October 19, 2016, the JDR court entered orders terminating the parents' parental rights and approving the goal of adoption for C.M.

Both parents appealed to the circuit court. On January 10, 2017, the circuit court heard evidence and argument. On January 11, 2017, the circuit court issued its ruling from the bench. The circuit court terminated mother's parental rights pursuant to Code § 16.1-283(C)(2) and (E)(i) and father's parental rights pursuant to Code § 16.1-283(C)(2). This appeal followed.[3]

---

[3] Father also appealed the circuit court's order terminating his parental rights. See Mason v. Harrisonburg-Rockingham Soc. Servs. Dist., Record No. 0149-17-3.

ANALYSIS

"Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Martin v. Pittsylvania Cty. Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986) (citation omitted). When considering termination of parental rights, "the paramount consideration of a trial court is the child's best interests." Logan, 13 Va. App. at 128, 409 S.E.2d at 463.

Mother argues that the circuit court erred by terminating her parental rights pursuant to Code § 16.1-283(C)(2) and (E)(i) because "such termination was contrary to the best interest of the child."

Code § 16.1-283(E)(i) states:

> The residual parental rights of a parent . . . of a child who is in the custody of a local board . . . may be terminated by the court if the court finds, based upon clear and convincing evidence, that it is in the best interests of the child and that . . . the residual parental rights of the parent regarding a sibling of the child have previously been involuntarily terminated . . . .

Mother's parental rights previously were terminated to two of her children, J.F. and H.M. Mother received numerous services while J.F. and H.M. were in foster care. In addition, the Department provided services to mother while C.M. was in foster care. Despite these services, the circuit court noted that mother continued to have "a plethora of mental health issues, chronic substance issues, homelessness, instability in housing, lack of employment, related financial instability, almost a nomadic existence from shelter to hotel room to acquaintances' lodgings." The circuit court found that C.M. was "doing well in foster care and is fortunate that [s]he's with a family that has adopted or is adopting a sibling, [H.M.]." Considering the totality of the circumstances, the circuit court did not err in finding that it was in the child's best interests to terminate mother's parental rights pursuant to Code § 16.1-283(E)(i).

When a trial court's judgment is made on alternative grounds, we need only consider whether any one of the alternatives is sufficient to sustain the judgment of the trial court, and if so, we need not address the other grounds. See Fields v. Dinwiddie Cty. Dep't of Soc. Servs., 46 Va. App. 1, 8, 614 S.E.2d 656, 659 (2005) (the Court affirmed termination of parental rights under one subsection of Code § 16.1-283 and did not need to address termination of parental rights pursuant to another subsection). Therefore, we will not consider whether the circuit court erred in terminating mother's parental rights pursuant to Code § 16.1-283(C)(2).

CONCLUSION

For the foregoing reasons, the trial court's ruling is affirmed.

Affirmed.